Mathews, J.
delivered the opinion of the court. The plaintiff and appellant brought suit, as executor of Nicholas Lamothe, late of the city of New-Orleans, against the appellees to recover from them certain property claimed by him, in right of his testator. The action was commenced in 1812, before the superior court of the territory of Orleans, and remained to be tried, under the constitution and laws of the state, by the court from which this appeal is taken.
In the course of the trial in the court below, the plaintiff offered in evidence to support his right to sue, in his said capacity of executor, an authentic copy of the last will and testament of Lamothe, and also a judicial proceeding of governor Grandpre, dated at Baton Rouge, September 1799, establishing the death of Lamothe, with an inventory and other proceedings relating to the estate of the testator, at the instance of the plaintiff, his executor. The district court rejected the evidence, as insufficient to maintain the plaintiff’s right to sue for and recover the property thus claimed by him, and ordered the suit to be dismissed. To the opinion of the *339 court, inrejecting the evidence, a bill of exceptions was regularly taken by his counsel, and on it alone the cause comes up to this court.
The case is submitted to us, without an argument, and it becomes our duty to determine the legal effects of the will in question, as to the powers therein granted to the executor. In the fourth section, the testator declares that he did not possess any other goods, than those which he held in partnership with his wife, and about which he was in litigation with certain persons, who had acquired the possession of them, in consequence of a testamentary disposition of his wife, and that the suit had for its principal end the annulling of his wife’s testament, and establishing their matrimonial contract, which contained a clause of reciprocal donation: in the event of his death, he requires his executor to prosecute said suit to its end. In the fifth section he appoints the plaintiff and appellant his sole executor, and gives him power to settle all the affairs of his estate, and for this purpose extends the term of it, should it be necessary, beyond the year, within which, according to law, an executor is bound to complete the administration of his testator’s estate.
The fourth section of the will limits the power of the executor to the prosecution and con *340 clusion of a suit, which the testator had commenced in his life time, and certainly ought not to be extended to the present action, as it clearly appears not to have been commenced before the year 1812, about thirteen years after the testator’s death. It is therefore evident that the plaintiff and appellant derives no authority to commence and prosecute the present action under this part of the will.
To establish the legality and justice of the appellant’s pretentions to institute and carry on this suit, we have been referred to Febrero’s treatise on contracts and wills, in which it is laid down that executors “ tienen de termino para complir su encargo el que prefine el testador, ya sea mayor or menor que el legal : y se ninguno les senala, deben evacuar lo mas breve que pueden. Se non pueden concluir lo con tanta brevidad, les concede el derecho un ano contado desde el dia de su muerte.” vol 1. ch. n. 254. The executors have the time, to complete their functions, which the testator has fixed to them, he it greater or less than the legal period: and if he has fixed none, they ought to complete them as early as possible, and if they cannot do it in so short a time, the law allows them one year from the death of the testator.
According to this authority, perhaps, the sixth *341 section of the will would have operated so as to extend the authority of the executor beyond the legal period of one year, for the purpose carrying into effect the dispositions of the will, if he had commenced the execution of it in all its parts, immediately on the death of his testator. This he has not done : but on the contrary, he has delayed for the space of nearly thirteen years, to begin that which the law required him to complete within one. We are of opinion, that the power to commence and prosecute the present action was not continued and supported by this latter section of the will.
Livingston for the plaintiff, Mazureau for the defendant.
It is therefore ordered adjudged and decreed, that the judgment be affirmed with costs.